UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EDWARD SERAFIN

        Plaintiff,

V                                    CIVIL ACTION NO.

AUTO SHOWCASE OF BALTIMORE, LLC

        Defendant.              NOVEMBER 17, 2008

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 *et seq.*, and for violation of [COMAR, § 11.12.01.14M(1)(a)(f)]

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of city of Annandale and State of Virginia.

4. Defendant Auto Showcase of Baltimore, LLC, hereinafter referred to as ("ASB") is a domestic corporation with a place of business at 4010 West Northern Parkway, Baltimore, Maryland 21215.

5. On or about June 11, 2008 plaintiff entered into a consumer transaction with

defendant ASB to buy a 2002 Mitsubishi Diamante for personal, family or household use.

6.   At the time ASB sold the vehicle to Plaintiff, it failed to obtain Plaintiff's signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had ASB obtained Plaintiff's signature on the title certificate, as required, it would have disclosed to Plaintiff that the vehicle had previously been owned by a rental company, information which ASB wished to and did conceal from Plaintiff in order to obtain a better price.

7.   ASB violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiff and by failing to obtain Plaintiff's signature on the title certificate, with intent to defraud.

8. As a result of ASB's violation of the MVICSA, Plaintiff did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiff know this, he would not have purchase the car or sustained the damages set forth herein.

9. Plaintiff has been damaged by ASB's actions.

**SECOND COUNT:**

10. The allegations of ¶ no.5 of the First Count are repeated as if fully set forth herein.

11. ASB is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and is subject to all of the CPA's Provisions prohibiting unfair or deceptive trade practices including those in Md. Code

Ann., Comm. Law §§ 13-303 and 13-301.

.       12. ASB advertised the auto that is the subject of this case, in the Auto Trader, for $5,955 as the selling price.

13. On or about June 18, 2008 Plaintiff inquired what the asking price was for the vehicle referred to in ¶ 5, above and was informed by ASB that the asking price was $9,995.

14. On or about June 18, 2008, Plaintiff signed a Purchase Order with ASB to purchase the vehicle described in ¶ 5, above and was charged $7,850 as the selling price. The increase of the selling price over the advertised price was separately imposed and the cash price was inflated by an additional charge.

15. ASB failed to disclose that the automobile was a daily rental in violation of Maryland State Statutes, Regulation, and 11.12.01.14 Department of Transportation.

16. ASB failed to provide the plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show plaintiff title at time of sale.

17. ASB violated the Maryland Regulation 11.12.01.14 on advertising consumer goods the (2002 Mitsubishi) without intent to sell it as advertised.

18. ASB violated the Maryland Regulation on advertising by advertising in a manner that was false, deceptive, or misleading.

19. ASB violated the Maryland Regulation on advertising via Bait Advertising by increasing the advertised price.

WHEREFORE, it is respectfully prayed that this Court:

1.  Award plaintiff treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count I.

2.  Award plaintiff actual damages, statutory damages, punitive damages and attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count II.

3.  Award such other or further relief, as the Court deems just or equitable.

THE PLAINTIFF

BY _____

Bernard T. Kennedy, Esquire
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com